1
Michael P. Lehmann (77152, mlehmann@cmht.com)
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**

2
One Embarcadero Center
Suites 526 A & B

3
San Francisco, CA 94111
Telephone: (415) 623-2047

4
Facsimile:  (415) 433-5994

5
Eugene A. Spector
William G. Caldes

6
**SPECTOR, ROSEMAN & KODROFF, P.C.**
1818 Market Street

7
Suite 2500
Philadelphia, PA 19103

8
Telephone: (215) 496-0300
Facsimile: (212) 496-6611

9

10
Charles E. Tompkins
Andrea L. Hertzfeld
Andrew B. Bullion

11
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue, N.W.

12
West Tower, Suite 500
Washington, DC 20005

13
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

14

15
*Attorneys for Plaintiff Scott McLean*

16

17
**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

18

19
SCOTT MCLEAN, individually and on
behalf of others similarly situated,

20

21
                                    Plaintiff,

22

23
        v.

24
KOREAN AIR LINES CO., LTD., and
ASIANA AIRLINES, INC., corporations
of the Republic of Korea

25
                                    Defendants.

26

27

28

**C 07 4297**

NO.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

ORIGINAL
FILED

AUG 2 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

SC

## I.   INTRODUCTION

Plaintiff, Scott McLean, by and through his undersigned attorneys, brings this civil action on behalf of himself and all others similarly situated, seeking compensatory, statutory, and exemplary damages and injunctive relief against the above-named defendant Korean Air Lines Co., Ltd., and Asiana Airlines, Inc., pursuant to Section 1 of the Sherman Antitrust Act of 1890 ("Sherman Act"), 15 U.S.C. § 1 pursuant to Sections 4 and 16 of the Clayton Antitrust Act of 1914 ("Clayton Act"), 15 U.S.C. § § 15, 26.  Plaintiff demands a trial by jury for all claims for which the right to a jury trial is authorized.

## II.   NATURE OF THIS ACTION

1.   This case arises out of a long-running, international conspiracy, beginning no later than January 1, 2000, and continuing until at least July 16, 2006, among Defendants and their co-conspirators with the purpose and effect of eliminating and suppressing competition by fixing wholesale and passenger fares charged for air travel flights between the United States and Korea.

## III.   JURISDICTION AND VENUE

2.   This complaint is filed under Section 16 of the Clayton Act, 15 U.S.C. § § 15 and 26, to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

3.   The Court has jurisdiction over the federal claim under 28 U.S.C. § §1331 and 1337.

4.   Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391 because the Defendant resides, transacts business, or is found within this District.

5.   The activities of the Defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

6.   This Court has personal jurisdiction over Defendants and their co-conspirators

1  because, *inter alia,* each: (a) transacted business in this District; (b) directly or indirectly sold and

2  delivered air transportation in this District; (c) has substantial aggregate contacts with this

3  District; and (d) engaged in an illegal price-fixing conspiracy that was directed at, and had the

4  intended effect of causing injury to, persons and entities residing in, located in, or doing business

5  in this District.

6
## IV.  PARTIES
7

8      7.    Plaintiff, Scott McLean is a resident of Gloucester, Massachusetts, and purchased

9  air transportation from Korean Air during the Class Period.

10     8.    Defendants Korean Air Lines Co., Ltd., and Asiana Airlines, Inc. have their

11  principal places of business in Seoul, Korea. During the Class Period, Defendants were engaged

12  in the business of providing air transportation services for passengers located in the United States

13  and elsewhere, including San Francisco, California which is a major hub for Korean Air in the

14
15  United States.

16     9.    The identity of each of Defendants' co-conspirators is not known with certainty to

17  Plaintiff at this time.

18
## V.   CLASS ACTION ALLEGATIONS
19
20     10.   Plaintiff brings this action on behalf of himself and, pursuant to Rule 23 of the

21  Federal Rules of Civil Procedure, as representative of a class (the "Class" or "Plaintiff Class")

22  defined as:

23         All persons and entities residing in the United States who or that,
           between January 1, 2000 and July 16, 2006, purchased passenger
24         air transportation from Defendants or any predecessor, subsidiary or
           affiliate thereof for travel between the United States and Korea.
25
           Specifically excluded from the class are Federal Judges and
26         Magistrates and their immediate families, Defendants, any parent,
           subsidiary or affiliate thereof and any entity of which Defendants
27         have a controlling interest, and Defendants' officers, directors,
           employees and immediate families.
28

11.    The Class is so numerous that joinder of each of the members of the Class would be impracticable.

12.    There are questions of law and fact which are common to the claims of Plaintiff and the Class, which predominate over questions affecting only individual Class members. These common questions include, but are not limited to:

a.    Whether Defendants combined, agreed, and/or conspired with their co-conspirators to fix, raise, maintain, and/or stabilize the prices for passenger fares charged for flights between the United States and Korea;

b.    Whether the purpose and/or effect of the acts and omissions alleged herein was to restrain trade, or to affect, fix, control, and/or maintain the prices for passenger fares charged for flights between the United States and Korea;

c.    The existence and duration of the horizontal agreements alleged herein to fix, raise, maintain, and/or stabilize the prices for passenger fares charged for flights between the United States and Korea;

d.    Whether Defendants were members of; or a participant in, the contract, combination and/or conspiracy alleged herein;

e.    Whether Defendants took steps to conceal the conspiracy from Plaintiff and the members of the Class;

f.    Whether Defendants' agents, officers, employees, or representatives participated in correspondence and meetings in furtherance of the illegal conspiracy alleged herein, and, if so, whether such agents, officers, employees, or representatives were acting within the scope of their authority and in furtherance of Defendants' business interests;

g.    Whether, and to what extent, the conduct of Defendants caused injury to Plaintiff and members of the Class, and, if so, the appropriate measure of damages; and

h.    Whether Plaintiff and members of the Class are entitled to injunctive relief.

13.    Plaintiff's claims are typical of the claims of the members of the Class, in that Plaintiffs and all members of the Plaintiff Class were damaged by the Defendants' same wrongful conduct.

14.    Plaintiff will fairly and adequately assert and protect the interests of the Plaintiff Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the other members of the Class.

15.    Plaintiff is represented by counsel whom is experienced and competent in the prosecution of complex class action litigation. The questions of law and fact which are common to the claims of the Plaintiff and the Plaintiff Class predominate over questions, if any, that may affect only individual members of the Class because, among other reasons, Defendants have acted on grounds generally applicable to the entire Class.

16.    This class action would preclude the potential for inconsistent or contradictory individual judgments that would dispose of or impair the interests of other prospective Class members not parties to individual litigation. This class action would establish compatible and consistent standards of conduct for Defendants.

17.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

18.    Class action treatment is the superior (if not the only) method for the fair and efficient adjudication of this controversy because, among other reasons, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender. The benefits of proceeding by

means of class action, including providing injured persons or entities with a method for obtaining redress on claims that it might not be practicable to pursue individually, substantially outweigh the difficulties, if any, which may arise in the management of this case as a class action.

## VI.   FACTUAL BACKGROUND

19.    During the Class Period, there was a continuous and uninterrupted flow of passenger air transportation in interstate and international commerce throughout the United States and internationally.

20.    Defendants' unlawful activities, as described herein, have directly and substantially affected interstate commerce in that Defendants and their co-conspirators have deprived Plaintiff and the Plaintiff Class of free and open competition in the business of passenger air transportation.

21.    By reason of the violations of the Sherman Act as alleged herein, Plaintiff and the other members of the Class paid more for passenger air transportation for flights between the United States and Korea than they would have paid in the absence of the illegal combination and conspiracy and, as a result, they have been injured and have suffered damages.

22.    Plaintiff and members of the Class did not discover, and could not discover through the exercise of reasonable diligence, the existence of the claims sued upon until recently, because Defendant and its co-conspirators actively, intentionally, and fraudulently concealed the existence of the combination and conspiracy from Plaintiff and others.

23.    During the Class Period, Defendants and their co-conspirators provided international air transportation services for passengers. Defendants' passenger services transported people on flights within Korea and internationally, including flights to and from the United States.

24.    During the Class Period, Defendants sold or caused to be sold tickets for passenger

air transportation on flights between the United States and Korea. Defendants' published fares included a base fare and, at times during the Class Period, a fuel surcharge.

25.    Beginning no later than January 1, 2000, and continuing through at least July 16, 2006, Defendants and their co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing the price for passenger air fares charged for flights between the United States and Korea.

26.    As part of their conspiracy, and in furtherance thereof; Defendants and their co-conspirators did those things that they conspired to do, including the following:

a.    Participating in meetings, conversations and communications in the United States and elsewhere to discuss one or both components of the passenger air fares (the base fare and the fuel surcharge) to be charged for flights between the United States and Korea;

b.    Agreeing during such meetings, conversations and communications, on one or both components of the passenger air fares (i.e., the base fare and the fuel surcharge) to charge on flights between the United States and Korea; and

c.    Levying passenger air fares on flights between the United States and Korea in accordance with the agreements reached.

27.    As a direct and proximate result of the Defendants' conspiracy, Plaintiff and each member of the Class have been injured and damaged.

28.    The United States Department of Justice's investigation into Korean Airlines Co., Ltd.'s criminal conduct resulted in charges being filed in the United States District Court for the District of Columbia on August 1, 2007.

29.    On August 1, 2007, the Defendant Korean Airlines Co., Inc., agreed to plead guilty to violating Section 1 of the Sherman Act, 15 U.S.C. § 1 by participating in the price-fixing conspiracy alleged herein, and has agreed to pay a criminal fine. News reports have indicated

1  that Asiana Airlines, Inc. may also be subject to potential fines.

## COUNT I

### VIOLATION OF 15 U.S.C. § 1 - THE SHERMAN ACT

30.     Plaintiff incorporates by reference the preceding paragraphs 1 through 30 as if fully set forth herein.

31.     Defendants' conduct and price-fixing conspiracy, as detailed herein, constitute violations of Section I of the Sherman Act, 15 U.S.C. § 1.

32.     Defendants and their co-conspirators agreed to, and did in fact, act in restraint of trade or commerce by affecting, fixing, controlling and/or maintaining, at artificial and non-competitive levels, the prices of air passenger fares for flights between the United States and Korea.

33.     The acts committed by Defendants and their co-conspirators as alleged herein unlawfully restrained interstate and foreign commerce and were against public policy.

35.     Plaintiff and the Plaintiff Class were injured by reason of unlawful acts of Defendants and their co-conspirators as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A.     That the Court determine that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and direct that reasonable notice be given to members of the Class;

B.     That the combination and conspiracy alleged herein be adjudged and decreed to be a violation of Section I of the Sherman Act, 15 U.S.C. § 1;

C.     That Plaintiff and the Plaintiff Class be awarded damages;

D.     That Plaintiff and the Plaintiff Class be awarded double or treble damages;

1    E.    That Plaintiff and the Plaintiff Class recover interest on the damages awarded;

2    F.    That Plaintiff and the Plaintiff Class be awarded reasonable attorneys' fees and

3    costs of suit;

4    G.    That Defendants be enjoined from continuing the unlawful combination and

5    conspiracy alleged herein; and,

6

7    H.    That Plaintiff and the Plaintiff Class be granted such other, further, and different

8    relief as the nature of the case may require or as may be deemed just and proper by this Court.

9
     Dated: August 21, 2007                    Respectfully submitted,
10

11

12    By: _____
          Michael P.Lehmann (71552)
13        mlehmann@CMHT.com
          **COHEN, MILSTEIN, HAUSFELD &**
14        **TOLL P.L.L.C.**
          One Embarcadero Center
15        Suites 526 A & B
          San Francisco, CA  94111
16

17        Eugene A. Spector
          William G. Caldes
18        **SPECTOR, ROSEMAN & KODROFF, P.C.**
          1818 Market Street
19        Suite 2500
          Philadelphia, PA 19103
20
          Charles E. Tompkins
21        Andrea L. Hertzfeld
          Andrew B. Bullion
22        **COHEN, MILSTEIN, HAUSFELD &**
          **TOLL, P.L.L.C.**
23        1100 New York Avenue, N.W.
          West Tower, Suite 500
24        Washington, DC 20005

25

26

27

28